IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| **KING TIRE LLC** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case 1:22-cv-01115-STA-jay |
| | ) |
| **STATE AUTO PROPERTY &** | ) |
| **CASUALTY INSURANCE COMPANY** | ) |
| | ) |
| Defendant. | ) |

**STANDARD TRACK SCHEDULING ORDER**

Pursuant to Local Rule 16.2, a scheduling conference was held on August 4, 2022. Present were Toby Gammill, counsel for plaintiff, and Parks T. Chastain, counsel for defendant. Prior to the scheduling conference, on July 14, 2022, the parties conferred in compliance with Federal Rule of Civil Procedure 26(f). The following dates are established as the final deadlines for:

**INITIAL DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(1)**: August 18, 2022.

**MOTIONS TO JOIN PARTIES:** September 21, 2022.

**MOTIONS TO AMEND PLEADINGS**: September 21, 2022.

**MOTIONS TO DISMISS**: November 3, 2022.

**ALTERNATIVE DISPUTE RESOLUTION:**

(a) **ADR DEADLINE PURSUANT TO ADR PLAN RULE 4.3(a):** October 27, 2022.

(b) **SELECTION OF MEDIATOR PURSUANT TO ADR PLAN RULE 5.4(c)**[1]:

    **Mediator's Name:**   John Houseal
    **Stipulation Filing Date:**   July 26, 2022

---

[1] In the event that Plaintiff is *pro se* and proceeding IFP, the mediator must be selected from the Court's Mediation Panel. *Pro Se* IFP Mediation Plan 6.

**COMPLETING ALL DISCOVERY**:  May 31, 2023.

    (a) **WRITTEN DISCOVERY**:  April 30, 2023.

    (b) **DEPOSITIONS**:  May 31, 2023.

**EXPERT WITNESS DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(2)**:

    (a) **DISCLOSURE OF PLAINTIFF'S (OR PARTY WITH BURDEN OF PROOF) RULE 26(a)(2) EXPERT INFORMATION**:  April 12, 2023.

    (b) **DISCLOSURE OF DEFENDANT'S (OR OPPOSING PARTY) RULE 26(a)(2) EXPERT INFORMATION**: May 12, 2023.

    (c) **EXPERT WITNESS DEPOSITIONS**: July 19, 2023.

**MOTIONS TO EXCLUDE EXPERTS UNDER F.R.E. 702/DAUBERT MOTIONS**: September 1, 2023.

**SUPPLEMENTATION UNDER RULE 26(e)(1)**:  August 31, 2023.

**FILING DISPOSITIVE MOTIONS**: August 16, 2023.

**OTHER RELEVANT MATTERS**:

    As required by Local Rule 26.1(e), the parties have conferred as to whether they will seek discovery of electronically stored information ("e-discovery") and have reached an agreement regarding e-discovery and have submitted the plan in the parties' Rule 26(f) report.

    The parties agree that electronic service of discovery requests, responses and document production is sufficient to comply with service under the Federal Rules of Civil Procedure and the Local Rules of this Court.  Parties will need to request hard copies of any discovery requests, responses or document production.

    No depositions may be scheduled to occur after the discovery deadline.  All discovery requests or other discovery-related filings that require a response must be filed sufficiently in advance of the discovery deadline to enable the opposing party to respond by the time permitted by the Rules prior to that date.

    Motions to compel discovery are to be filed and served within 45 days of the default or service of the response, answer, or objection that is the subject of the motion. However, if such default or service occurs within 30 days before the discovery deadline, the motion to compel must be filed within 30 days after such default or service

This case is set for a jury trial. The pretrial order deadline, pretrial conference date, and trial date will be set by separate Order. The parties anticipate the trial will last approximately 4-5 days.

The parties are ordered to engage in ADR by the ADR deadline. Pursuant to Local Rule 16.3(d), within 7 days of completion of ADR, the parties shall file a notice confirming that the ADR was conducted and indicating whether it was successful or unsuccessful, without disclosing the parties' respective positions at the ADR.

Pursuant to Local Rule 7.2(a)(1)(A), all motions, except motions pursuant to Fed. R. Civ. P. 12, 56, 59, and 60, shall be accompanied by a proposed order in a word processing format sent to the ECF mailbox of the presiding judge.

Pursuant to Local Rule 7.2(a)(1)(B), the parties are required to consult prior to filing any motion (except motions filed pursuant to Fed. R. Civ. P. 12, 56, 59, and 60).

The opposing party must file a response to any opposed motion. Pursuant to Local Rule 7.2(a)(2), a party's failure to respond timely to any motion, other than one requesting dismissal of a claim or action, may be deemed good grounds for granting the motion.

Neither party may file an additional reply to any motion, other than a motion filed pursuant to Fed. R. Civ. P. 12(b) or 56. As provided by Local Rule 7.2(c), if a party believes that a reply is necessary, it shall file a motion for leave to file a reply accompanied by a memorandum setting forth the reasons for which a reply is required within seven days of service of the response. Pursuant to Local Rules 12.1(c) and 56.1(c), a party moving for summary judgment or to dismiss may file a reply within 14 days after being served with the response in opposition to the motion.

The parties do not consent to trial before the Magistrate Judge.

This order has been entered after consultation with the parties. Absent good cause shown, the deadlines set by this order will not be modified or extended.

IT IS SO ORDERED.

s/S. Thomas Anderson
CHIEF UNITED STATES DISTRICT JUDGE

DATE: 8/4/2022