IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| KING TIRE LLC, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | No. 1:22-cv-1115-STA-jay |
| | ) | |
| STATE AUTO PROPERTY AND | ) | |
| CASUALTY INSURANCE COMPANY, | ) | |
| | ) | |
| **Defendant.** | ) | |

ORDER ADOPTING RECOMMENDATION OF MAGISTRATE JUDGE
AND GRANTING DEFENDANT'S MOTION TO DISMISS AS A SANCTION
WITHOUT PREJUDICE

Before the Court is the report and recommendation of the Magistrate Judge that Defendant's motion for sanctions (ECF No. 39) be granted and this matter be dismissed. (ECF No. 47.) [1]  Plaintiff has filed timely objections pursuant to U.S.C. § 636(b)(1) (ECF No. 52), and Defendant has filed a response to those objections. (ECF No. 58.)  For the reasons set forth below, the Court **ADOPTS** the report and recommendation, **GRANTS** Defendant's motion to dismiss as a sanction, although without prejudice, and **DIRECTS** the Clerk of the Court to enter judgment accordingly.[2]

---

[1] The report and recommendation addressed two other cases filed by the same attorney that are in a similar posture, *Graves v. Auto-Owners Ins. Co.*, 1:22-cv-02296-STA-jay, and *BC North Partners v. Pennsylvania National Mutual Ins. Co.*, 1:22-cv-01134-STA-jay. Plaintiff has objected to this grouping on the ground that "each case maintains its distinct record and distinct identity."  (Pl's Obj. n. 1 p. 2, ECF No. 52.) The Court has taken this concern into consideration and will rule on the objections in each case in a separate order.

[2] Prior to the issuance of the Report and Recommendation, Plaintiff filed a motion to enforce appraisal. (ECF No. 41.) Subsequently, Defendant filed a motion to deem requests for admissions admitted (ECF No. 48) and a motion to compel response to interrogatories. (ECF No.

Standard of Review

The standard of review by the district court when examining a report and Recommendation is set forth in 28 U.S.C.§ 636. This Court "shall make a *de novo* determination of those portions of the report or the specified proposed findings or recommendations to which an objection is made." 28 U.S.C. § 636(B)(1)(c).[3] The Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge." § 636(B)(1)(c).

Background

The Court will recount the findings of the Magistrate Judge as follows. The Magistrate Judge first summarized the commonalities in all three cases that are the subjects of the report and recommendation.

In the spring of 2022, Defendants removed these civil cases from state court to federal court based on diversity jurisdiction. Plaintiffs generally alleged breach of contract claims for Defendant-insurers' failure to properly pay claims to repair damage to various insured properties. After removal, each Defendant timely filed an Answer. Defendant-insurers claimed a variety of defenses. Some Plaintiffs allegedly failed to comply with the policy's requirement to file suit within two years. Additionally, some damages were allegedly not covered under the various policies, thus no breach of contract occurred.

The parties took part in Rule 26(f) Planning Meetings. Defendants filed Notices of Service for initial disclosures. The Court entered Scheduling Orders. Then, the attorney originally representing Plaintiffs withdrew. Mr. Berkley, Plaintiffs' current counsel, filed his Notice of Appearance in all three of these cases and fourteen others currently pending in this district. From there, problems arose, as the cases stalled despite Defense counsel's, and this Court's, best efforts.

---

53.) Plaintiff then filed a motion to amend/correct responses to request for admissions. (ECF No. 54.) These motions are **DENIED** as moot.

[3] The standard of review applied by a district court when considering a magistrate judge's proposed findings and recommendations depends on the nature of the matter(s) considered by the magistrate judge. *See Baker v. Peterson*, 67 Fed. App'x 308, 310 (6th Cir. 2003) (citations omitted) ("A district court normally applies a 'clearly erroneous or contrary to law' standard of review for non-dispositive preliminary measures. A district court must review dispositive motions under the *de novo* standard.").

2

(Rep. & Rec. pp. 2-3, ECF No. 47 (record citations and footnotes omitted)).

The Magistrate Judge then made the following findings specifically as to this Defendant.

[T]he first sign of trouble arrived in the form of a Court Order Requiring Mediation Status Report entered on November 2, 2022. The Scheduling Order required [that] "the parties engage in mediation by October 27, 2022." However, the parties had not filed a certificate of mediation by that deadline. Therefore, the Court ordered the parties to file notice that Alternative Dispute Resolution was complete no later than November 9, 2022. Defendant filed a Status Report first, informing the Court that the change in Plaintiff's counsel caused a scheduling conflict with the mediator, but the parties were "actively working on completing mediation" and would provide "the Mediation Status Report . . . within sixty (60) days." Plaintiff's counsel filed a Status Report that consisted of one sentence that simply stated "Plaintiff . . . joins in the status report submitted by Defendant . . . ." The Court granted an extension to the mediation deadline.

On December 1, 2022, Defendant filed a Motion to Compel Plaintiff's Rule 26 Initial Disclosures. The Motion highlights essentially the same issues as outlined in *Graves* [*v. Auto-Owners Ins. Co.*, 1:22-cv-02296-STA-jay]. The Initial Disclosures were due on August 18, 2022. Defendant served the required Disclosures on time. Plaintiff did not. Instead, Plaintiff "requested a two-week extension or until November 3, 2022 to provide its Rule 26 Initial Disclosures ...." Defendant agreed to the extension, giving Plaintiff's counsel until November 8, 2022, five days more than Plaintiff's counsel requested. Plaintiff's counsel again failed to serve the Rule 26 Initial Disclosures, requiring Defendant to reach out on November 23, 2022, via e-mail. In that correspondence, Defendant again agreed to receive Plaintiff's Initial Disclosures on a later date: November 30, 2022. Plaintiff's failure to serve the Initial Disclosures by November 30, 2022, resulted in Defendant filing the Motion to Compel.

Plaintiff's counsel filed a one-page Response on December 12, 2022. The Response averred to the Court that "Plaintiff [did] not contest the [M]otion to [C]ompel" and that the Initial Disclosures were provided to Defendant on December 12, 2022. Plaintiff also asserted that "Plaintiffs [sic] Motion to compel appraisal which if granted reduce [sic] the relevant issues to valuation and coverage."

Defendant moved the Court for leave to file a Reply, which the Court granted. Just as in *Graves*, Defendant highlighted for the Court that the late-served Initial Disclosures provided by Plaintiff were "deficient and inadequate ...." The Disclosures did not adequately identify witnesses or their contact information, include a calculation of damages, nor provide "documents or evidentiary materials

3

on which its damages claimed are based." Upon receiving the inadequate disclosures, Defendant sent a four-paragraph e-mail coaching Plaintiff's counsel on all of the various ways the disclosures failed to comport with the Federal Rules.61 Defendant then requested supplementation and informed Plaintiff's counsel that failure to supplement would "force[]" Defendant to "request additional relief from the Court."

The Court granted the Motion to Compel and gave Plaintiff until March 8, 2023, to comply with the Rule 26 Initial Disclosure requirement.  On March 9, 2023, Plaintiff's counsel filed a Notice which included an appraisal award, an umpire report, and umpire clarification correspondence. Most important though, the March 9, 2023, filing did not include notice that Plaintiff served its Rule 26 Initial Disclosures.

On March 10, 2023, Defendant filed the instant Motion for Sanctions seeking dismissal and attorney fees. Defendant highlighted that Plaintiff's counsel again failed to serve the Rule 26 Initial Disclosures as per the Court's Order. Defendant also requested attorney fees. The Motion included a Local Rule 7.2 Certificate of Consultation. Plaintiff filed a Response ten days later. Just like in *Graves*, Plaintiff's counsel incorrectly stated that Defendant failed to consult.

(*Id.* at pp. 8 – 11 (record citations omitted)).

The Magistrate Judge summarized the "general pattern" as to the three cases that were the

subjects of the report and recommendations as

Defendants sought to obtain Rule 26 Initial Disclosures after Mr. Berkley failed to comply with the Scheduling Orders. Mr. Berkley failed to cooperate with Defendants' requests. Defendants filed Motions to Compel. Mr. Berkley served noncompliant Rule 26 Initial Disclosures. The Court Ordered Plaintiffs' counsel to serve compliant Rule 26 Initial Disclosures, and in two cases the Court awarded attorney fees. Plaintiffs' counsel still failed to serve the Rule 26 Initial Disclosures in all three cases. Defendants filed the instant Motions for Sanctions in the form of dismissal.

(*Id.* at pp. 11-12.)

Plaintiff characterizes some of the statements by the Magistrate Judge as "erroneous." The

objected to statements are: (1) "Plaintiff falsely claimed that Defendant failed to consult in

accordance with the Local Rules" before filing the motion to compel;[4] (2) "Plaintiff did not comply with the initial disclosure deadlines set forth [in the] scheduling order";[5] (3) "These cases sat stagnant or languished when plaintiff's counsel entered his appearance."[6] (Obj. p. 2, ECF No. 52.) Counsel acknowledges in the objections that he has missed deadlines.

> Counsel conceded at the April 10, 2023 status conference that the Court was partially correct that counsel did miscalendar some matters and was overwhelmed by the volume of present litigation when a large number of cases had to be filed quickly as well. Moreover, counsel was required to file a brief with the Tennessee Court of Appeals during this time as well. Counsel also advised that there were several personal matters at play as well such as a few car wrecks and illness that slowed down his process. Plaintiff's counsel advised the Court that he had hired outside personnel to assist in responding to discovery. Plaintiff's counsel has also advised the Court that he did not have a complete file in quite a number of these cases.

(*Id.* at p. 3.)[7]

Defendant has responded to Plaintiff's objections  (ECF No. 58) as follows: (1) Plaintiff claims that the Magistrate Judge stated that Plaintiff patently falsely claimed that Defendant failed to consult in accordance with the Local Rules before filing the motion to compel, even though the Magistrate Judge did not use the word "patently" and merely stated that Plaintiff had falsely claimed that Defendant did not consult.[8] Defense counsel states that he has

> consulted with Plaintiff's counsel on many motions via email communication and telephone communication. Defendant's counsel cannot remember every instance of

---

[4] Plaintiff also claims that defense counsel "did not answer calls or return calls to discuss these matters even after they were filed for the point of discussing some kind of resolution." (Obj. p. 2, ECF No. 52.)

[5] Plaintiff correctly points out that the failure to meet the deadline for providing initial disclosures as set forth in the scheduling order is attributable to its prior counsel. (*Id.*)

[6] As evidence of his diligence in prosecuting this case, Plaintiff's counsel points to three mediation sessions that were conducted in an effort to resolve the matter. (*Id.* at p. 3.)

[7] Plaintiff's counsel argues that his client is not "at fault for this situation." (*Id.* at p. 3.)  As explained below, a client is bound by the actions of his attorney.

[8] This may be a distinction without a difference.

consultation…. Plaintiff's counsel has provided no support for the contention that counsel for the Defendant has not answered or returned calls, there is no assertion of the amount of calls, times, dates or the subject of any call in the objection by Plaintiff, and there are no email communications attached as exhibits to the objection to support this false assertion.

(Resp. to Obj. pp. 4-5.)  (2) "Plaintiff incorrectly asserts the Magistrate found that Plaintiff's counsel did not comply with the initial disclosure deadlines in the Scheduling Order."  (*Id.* at p. 5.)  (3) Although Plaintiff did participate in three settlement conferences, "Plaintiff's refusal to submit initial disclosures timely precluded the Defendant from investigating the information and evaluating Plaintiff's case, and subsequently utilizing the information within the initial disclosures at mediation to potentially move the case to resolution."  (*Id.*)  (4) The Court should not consider Plaintiff's "additional facts" such as the assertion that Defendant knew of the umpire award or Plaintiff's counsel's explanation at the April 10 status conference for his lack of diligence in meeting some of the deadlines. (*Id.* at pp. 5-6.)

<u>Analysis</u>

Considering Plaintiff's first factual objection and Defendant's response, the Court finds that the record is not entirely clear as to whether defense counsel consulted with Plaintiff's counsel prior to filing the motion for sanctions. The certificate of consultation attached to the motion for sanctions (Mot. p. 3, ECF No. 39) merely states that "COUNSEL FOR DEFENDANT CERTIFIES THAT HE HAS **ATTEMPTED** TO CONSULT WITH PLAINTIFF'S COUNSEL IN A GOOD FAITH EFFORT TO RESOLVE THE DISCOVERY DISPUTE AND THAT **THOSE EFFORTS HAVE NOT BEEN SUCCESSFUL**." (Emphasis added.) Moreover, defense counsel does not confirm in his response to Plaintiff's objections that he did, in fact, consult with Plaintiff's counsel prior to filing the motion. Instead, he merely states generally that he "consulted with

Plaintiff's counsel on many motions via email communication and telephone communication." Therefore, the Court finds that the statement in the report and recommendation that Plaintiff falsely claimed that Defendant failed to consult in accordance with the Local Rules before filing the motion to compel is not supported by the record, and, consequently, this statement has played no part in the Court's analysis.[9]

Next, the Court agrees with Defendant that the Magistrate Judge did not state that Plaintiff's present counsel did not comply with the deadline for initial disclosures set out in the scheduling order. That clearly was the fault of Plaintiff's prior counsel. However, there is no dispute that present counsel has still not provided complete initial disclosures.

As for the third objection, the Court makes note of the three settlement conferences mentioned by Plaintiff. However, the Court accepts Defendant's argument that, without timely discovery, those conferences were futile.

Finally, at the April 10 status conference, the Court listened to Plaintiff's counsel's explanation for his lack of diligence but was not asked to make a determination as to whether that explanation was acceptable. Accordingly, the explanation and defense counsel's response to the explanation are not part of the following analysis.

---

[9] In its objections, Plaintiff states that it does not waive the requirement of a certificate of consultation under Local Rule of Court 7.2(a)(1)(B), which requires a party filing a motion first to consult with opposing counsel about the relief sought. While the consultation requirement is clear and unambiguous, denial of the motion for failure to consult is purely discretionary under the Local Rules. *Id.* (stating that the failure to consult may be good grounds to deny a motion). The consultation requirement applies here, even though Defendant seeks the dismissal of the case. Even so, both parties have now stated their positions on the record and been heard on the matter. Conferring with opposing counsel at this juncture, particularly on whether the other should be subject to sanctions, would not further the purposes of the Local Rules' consultation requirement.

Rule 37(b) authorizes a district court to sanction a party for its failure to comply with a court order directing the party to provide or permit discovery. Fed. R. Civ. P. 37(b)(2)(A). Rule 37(b)(2)(A) specifically lists sanctions courts may impose for a party's noncompliance, up to and including the dismissal of the case. *Id.*; *Mager v. Wisc. Cent. Ltd.*, 924 F.3d 831, 837 (6th Cir. 2019) (citing *Bass v. Jostens, Inc.*, 71 F.3d 237, 241 (6th Cir. 1995)). Courts weigh four factors to determine "whether dismissal is an appropriate sanction for failure to comply with a discovery obligation or other court order: (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." *Id.* (quoting *United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002)). Dismissal is warranted for a record of delay or "contumacious conduct," meaning "behavior that is perverse in resisting authority and stubbornly disobedient." *Id*. (quoting *Carpenter v. City of Flint*, 723 F.3d 700, 705 (6th Cir. 2013)).

Plaintiff cites *Howe v. City of Akron*, 801 F.3d 718 (6th Cir. 2015), for the proposition that the Court should not sanction it if the Court finds Plaintiff's failure to respond "harmless." *Howe* listed the following factors to guide the Court's assessment of harmlessness: "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence." *Id.* at 748 (citing *Russell v. Absolute Collection Servs., Inc.*, 763 F.3d 385, 396–97 (4th Cir. 2014)). Plaintiff suggests that its failure to produce discovery is harmless because the

information sought will not come as a surprise to Defendant as Defendant received the same information during the process of adjusting Plaintiff's insurance claims.

The Court finds Plaintiff's argument unpersuasive. *Howe* concerned a party's failure to make initial disclosures required under Federal Rule of Civil Procedure 26(a) and the availability of sanctions under Rule 37(c) for the failure to disclose information required under Rule 26(a). *Id.* at 747 ("Although exclusion of late or undisclosed evidence is the usual remedy for noncompliance with Rule 26(a) or (e), Rule 37(c)(1) provides the district court with the option to order alternative sanctions 'instead of' exclusion of the late or undisclosed evidence 'on motion and after giving an opportunity to be heard.'"). *Howe* did not address the situation presented here when a party obtained an order compelling the provision of the initial disclosures (ECF No. 26), was awarded attorney fees as a sanction, and then was forced to seek Rule 37(b) sanctions for the non-complying party's failure to obey the court order. Thus, "harmlessness" does not enter the sanctions equation in this case.

After examining the Advisory Committee Notes to the 1993 Amendments, which provide several inapplicable examples of situations exempt from the harsher penalties – such as the failure to disclose witnesses already listed by other parties and mistakes by pro se litigants – the *Howe* Court observed that the "Advisory Committee Notes ... strongly suggest[ ] that 'harmless' involves an honest mistake on the part of the party coupled with sufficient knowledge on the part of the other party." *Howe*, 801 F.3d at 747." Plaintiff's continued refusal to provide initial disclosures, despite the prior order granting the motion to compel, renders Plaintiff's argument about harmlessness or surprise to Defendant inapt. Plaintiff's inaction cannot be considered "an honest mistake."

Plaintiff also relies on *Lovingood v. Monroe County, Tennessee*, 2022 WL 17069662 (6th Cir. Nov. 17, 2022), and *Tarvin v. Lindamood*, 2023 WL 2592867 (6th Cir. Mar. 22, 2023). Plaintiff cites *Lovingood* for the "principle that dismissal with prejudice is usually inappropriate when the dismissal is the result of the attorney's conduct" and that "Plaintiffs counsel's conduct is not wholly insufficient when he participates in settlement negotiations and appears at all hearings." (Obj. pp. 4-5, ECF No. 44.) *Lovingood* is inapposite to the present case. First, the District Court dismissed the *Lovingwood* lawsuit under Fed. R. Civ. P. 41(b) for failure to prosecute.[10] "When Rule 37(b) applies, there is no need to rely on the court's inherent powers or on Rule 41(b)'s authorization to dismiss for failure 'to prosecute or to comply with these rules or a court order.'" *Mager*, 924 F.3d at 837 n.3. (citing Fed. R. Civ. P. 41(b) and *Societe Internationale Pour Participations Industrielles Et* Commerciales*, S.A. v. Rogers*, 357 U.S. 197, 207 (1958)).  The issue presented here falls squarely within the scope and purpose of Rule 37(b), i.e., sanctioning parties for their abuse of the discovery process and their failure to comply with discovery orders.

Next, the *Lovingood* Court "recognize[d] that the Supreme Court has afforded 'no merit to the contention that dismissal of [a plaintiff's] claim because of his counsel's unexcused conduct imposes an unjust penalty on the client.'" 2022 WL 17069662, *3 (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633 (1962)). The Court did acknowledge "an extreme reluctance to uphold the dismissal of a case merely to discipline a party's attorney." *Id.* (citation omitted). The purpose of the dismissal in the present case is not to "discipline" Plaintiff's counsel, but, instead, is a sanction

---

[10] Pursuant to Fed. R. Civ. P. 41(b), district courts may dismiss an action sua sponte for failure "to prosecute or to comply with these rules or a court order."

for the continued failure of Plaintiff to provide initial disclosures and Plaintiff's failure to comply with the order granting Defendant's motion to compel.

*Tarvin*, a case filed pro se by a legally blind inmate, also was dismissed under Fed. R. Civ. P. 41(b) rather than Rule 37(b). The Court of Appeals reversed the District Court's dismissal of the action because the dismissal order did not account for the plaintiff's filings in the form of letters explaining his inability to respond to various deadlines because of his eyesight issues. 2023 WL 2592867, at *1. Here, Plaintiff has offered no explanation as to any impediment in providing its initial disclosures. As a matter of fact, Plaintiff has offered no valid explanation as to its disregard of the Magistrate Judge's discovery order or its discovery obligations under the Federal Rules of Civil Procedure.

The Court also rejects Plaintiff's argument that Defendant already has the information that it should have provided in its initial disclosures. "A party cannot unlock its doors and tell its adversary to search for the needle in the haystack. The party must *produce* such documents in response to proper requests." *ECIMOS, LLC v. Nortek Global HVAC, LLC*, 736 F. App'x 577, 582 (6th Cir. 2018) (emphasis in original).

Plaintiff could have asked the Court to set aside the Magistrate Judge's order compelling it to respond. *See* 28 U.S.C. § 636(b)(1) (permitting review of a magistrate judge's non-dispositive pretrial order under a clearly erroneous and contrary to law standard and giving a party fourteen days to appeal the order). But it did not, meaning that the Magistrate Judge's order is now the law of the case, and Plaintiff had no alternative other than comply with it. Plaintiff has not done so.

Even after Plaintiff lost its opportunity to contest the Magistrate Judge's ruling, Plaintiff could still have avoided sanctions if it had shown it was unable to comply with the order. *See*

*Prime Rate Premium Fin. Corp., Inc. v. Larson*, 930 F.3d 759, 769 (6th Cir. 2019) (noting that a party's "ability to comply with" a court order is relevant to the sanctions question) (citing *Beil v. Lakewood Eng'g & Mfg. Co.*, 15 F.3d 546, 552 (6th Cir. 1994)). But Plaintiff has not made such a showing. The Court gave Plaintiff one more opportunity to account for its actions/inactions at a status conference. Other than vague references to a heavy caseload, counsel for Plaintiff gave the Court no reason to find that Plaintiff had actually been prevented from complying with the Magistrate Judge's order.

The sanction of dismissal "is a drastic step which should be resorted to only in the most extreme cases." *Larson*, 930 F.3d at 769 (quoting *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir. 1983)). By its conduct and its inability to give an account of its actions, Plaintiff has given the Court no other option short of dismissal.

First and foremost, Plaintiff is at fault for its failure to provide initial disclosures despite extensions of time in which to do so and in compliance with the Magistrate Judge's February 22, 2023 order. The Sixth Circuit has found a "clear record of delay and contumacious conduct where a plaintiff failed to answer interrogatories, failed to respond to a motion to compel, and failed to comply with the district court's order granting the defendant's motion to compel and ordering full and complete responses from the plaintiff." *Barron v. Univ. of Mich.*, 613 F. App'x 480, 484 (6th Cir. 2015) (citing *Harmon v. CSX Transp., Inc.,* 110 F.3d 364, 368 (6th Cir. 1997)). Plaintiff's failure to comply with the Magistrate Judge's order can only be described as recalcitrance at this point, having allowed months to pass without taking action to participate in the discovery phase of the case.  And Plaintiff has given no valid reason to explain its actions.  The first factor weighs in favor of dismissal.

Next, Plaintiff's failure to provide its initial disclosures has prejudiced Defendant and its ability to defend itself. A party suffers prejudice when it is "unable to secure the information requested" and is "required to waste time, money, and effort in pursuit of cooperation which [the opposing party] was legally obligated to provide." *Id*. at 485 (citing *Harmon*, 110 F.3d at 368). Defendant has incurred various expenses in attempting to obtain the initial disclosures and during the two attempts at mediation that were not successful, at least in part because Defendant could not evaluate the case without the initial disclosures. Defendant has also had to request extensions of time caused by Plaintiff's failure to provide the requisite information. After all of that, Defendant is no closer to obtaining the initial disclosures. Plaintiff's delay will no doubt impact the parties' ability to adhere to the current schedule and trial setting. All of this amounts to prejudice to Defendant and its opportunity to prepare the case for trial. In effect, this case has stalled, and even the granting of the motion to compel, the filing of the motion for sanctions, the report and recommendation of the Magistrate Judge, and the status conference on April 10 have not propelled the matter forward. In fact, Defendant has been forced to file a motion to deem requests for admissions admitted (ECF No. 48) and a second motion to compel. (ECF No. 53.)

The third factor, warning a party of the possibility of dismissal, weighs against dismissing this matter with prejudice. The Sixth Circuit has remarked that a "boilerplate" warning about the possibility of sanctions, "which does not explicitly identify dismissal as a sanction, is not the type of notice sufficient to apprise a party of the possibility of dismissal." *Carpenter v. City of Flint*, 723 F.3d 700, 708 (6th Cir. 2013). Here, it is not clear that Plaintiff was specifically warned that failure to comply with the Court's orders could lead to dismissal as a sanction.

The final factor, the availability of lesser sanctions, weighs in favor of dismissal. Rule 37(b)(2) of the Federal Rules of Civil Procedure authorizes a district court to impose a number of sanctions for a party's failure to comply with a discovery order. Among the sanctions is dismissal of the action or proceeding in whole or in part. The Court finds that dismissal of the Complaint is warranted in this case and that no lesser sanctions would actually bring Plaintiff into compliance. Plaintiff has ignored its discovery obligations under the Federal Rules and failed to comply with a court order compelling it to act. A lesser sanction, such as an award of attorney fees, would fail to penalize Plaintiff for this unacceptable course of conduct and would not deter similar conduct in the future. *See Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 763–64 (1980) ("Rule 37 sanctions must be applied diligently both to penalize those whose conduct may be deemed to warrant such a sanction, and to deter those who might be tempted to such conduct in the absence of such a deterrent.") (cleaned up). This final factor weighs in favor of dismissal.

Finally, the Court will address Plaintiff's present counsel's apparent perception that the motion for sanctions and the recommendation that it be granted are actions taken against him instead of his client. He even suggests, without any factual support, that the motion and recommendation are the result of his being an African-American while Plaintiff's prior counsel was Caucasian. According to present counsel, he is being held accountable for the inaction of prior counsel, and he reasons that this must be because he is of a different race in violation of the Equal Protection Clause of the United States Constitution. (Obj. n.4 p. 2, ECF No 52.)

Counsel's implication that he is being treated differently than previous counsel on the basis of his race is not the case. Counsel misunderstands the nature of the motion for sanctions and the recommendation that it be granted. The sanction is not against him- it is against his client. The

client (Plaintiff) is bound by the actions of its attorneys.  Prior counsel's inaction in providing timely disclosures is part of the reason that this action has stalled.  Present counsel is not being held personally accountable for that inaction. Instead, Plaintiff is being held accountable for the actions/inactions of both prior counsel and present counsel.  "When a lawyer represents a client, his acts become the client's acts, his knowledge the client's knowledge." *Lampe v. Kash*, 735 F.3d 942, 944 (6th Cir. 2013).  Making an accusation of misconduct by the Court is a serious matter. The Court urges Plaintiff's counsel to consider carefully before making any further unsupported allegations.

## SUMMARY/CONCLUSION

Plaintiff is in violation of a clear court order to provide its initial disclosures and has offered no valid justification for its failure to comply with that order, nor has it informed the Court of any steps taken to meet its obligations.  However, because Plaintiff was not clearly warned that its failure to provide its initial disclosures could lead to dismissal of the action, the Court will issue the lesser sanction of dismissal without prejudice.

In summary, the report and recommendation is hereby **ADOPTED**, Defendant's motion for dismissal as a sanction is **GRANTED**, and the case is **DISMISSED** without prejudice. Plaintiff must pay any attorney fees and costs associated with the dismissal of this action prior to re-filing its lawsuit.

IT IS SO ORDERED.

s/ S. Thomas Anderson
S. Thomas Anderson
UNITED STATES DISTRICT JUDGE

Date: June 27, 2023